IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 05-40019-02-RDR**

YUNG SHIN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon (1) defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

The defendant entered a plea of guilty pursuant to a plea agreement on July 7, 2006 to possession with intent to distribute approximately 61 kilograms of a mixture or substance containing marijuana in violation of 21 U.S.C. § 841(a)(1). The plea agreement provided, inter alia, the defendant waived his right to appeal and collateral review of his conviction and sentence.[1] On

---

[1] The plea agreement provided as follows:
    Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. §

October 18, 2006 the court sentenced the defendant to a term of imprisonment of 12 months and one day. The court sentenced below the properly calculated guideline range of 18 to 24 months due to the defendant's medical condition. The defendant filed an appeal from the conviction and sentence on October 18, 2006. He, however, dismissed the appeal on December 4, 2006. He filed the instant motion on December 29, 2006.

In the instant motion, he contends the court should vacate his sentence because it violated his Fifth Amendment due process rights at sentencing. He asserts that the court imposed a sentence "under the misapprehension that [he] would be able to serve his sentence either in a prison camp or else in a medical facility under conditions similar to that in a minimum security prison camp." He suggests that since he will be unable to do so, the court should vacate his sentence and resentence him.

The government has filed a response in which it contends that the defendant's § 2255 motion should be dismissed because he waived the right to pursue any collateral attack on his sentence. The

---

2255 [except as limited by <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upward from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

defendant has replied that his waiver of his right to pursue a collateral attack on his sentence was not knowing and voluntary because (1) the court's plea colloquy was inadequate, and (2) his attorney never explained the meaning of this waiver to him prior to entering the plea.

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; United States v. Galloway, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995).  To be entitled to an evidentiary hearing, the defendant must allege facts which, if proven, would entitle him to relief.  See Hatch v. Oklahoma, 58 F.3d 1447, 1471 (10th Cir. 1995), cert. denied, 517 U.S. 1235 (1996).  The court finds that a hearing on the defendant's motion is not necessary because the materials already in the record conclusively show that the defendant is not entitled to relief on his claims.

A defendant's waiver of collateral review is binding if (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the waiver would not result in a miscarriage of justice.  Hahn, 359 F.3d at 1325. The "language of the plea agreement itself" is generally sufficient to show the scope of the waiver and whether the content of the agreement was made known to the defendant.  United States v. Chavez-Salais, 337 F.3d 1170, 1173 (10th Cir. 2003).  If the "terms of [a] lawful plea agreement[ ]. . . explicitly waived the right to appeal or to collaterally attack a sentence under 28 U.S.C. §

3

2255," the defendant is bound.  Id.  A miscarriage of justice occurs in any of four circumstances:  (1) where the district court relied on an impermissible factor such as race; (2) where the waiver is rendered invalid due to ineffective assistance of counsel in connection with the negotiation of the waiver; (3) where the sentence exceeds the statutory maximum; or (4) where the waiver is otherwise unlawful.  Hahn, 359 F.3d at 1327.

The explicit terms of the waiver agreement clearly show that direct appeal and collateral review rights fell within the scope of the waiver of appellate rights, and the defendant knowingly and voluntarily waived those rights.

The defendant argues that the waiver was not knowing and voluntary because (1) the court did not specifically address the waiver of collateral review rights at the time of the plea colloquy; and (2) his counsel did not explain the meaning of collateral attack or the nature or purpose of a § 2255 motion prior to the entry of the plea.  The court finds no merit to the defendant's arguments.  The defendant is correct that the court did not specifically address the waiver of collateral review rights at the time of the Rule 11 plea colloquy.  However, the court did address the defendant's waiver of his rights to appeal his sentence as follows:

> THE COURT: All right.  Now, I believe that in your plea agreement you waived your right to appeal any sentence that the Court might give you.  I think that's in your plea agreement, and so you recognize that.  Is that correct?
> THE DEFENDANT: Yes, your Honor.

4

The Tenth Circuit has made it clear that there are two ways that the content of a waiver can be made known to a defendant: (1) through the language of the plea agreement; or (2) through the Rule 11 plea colloquy. <u>Chavez-Salais</u>, 337 F.3d at 1173. It is not necessary that the colloquy cover the waiver of collateral review when the record suggests that the waiver was knowing and voluntary. <u>Id</u>., at 1173 n. 2. The defendant made clear at the time of the Rule 11 plea colloquy that he understood the terms of the plea agreement and that he understood that he was waiving his rights to challenge his conviction and sentence.[2] He also signed the plea agreement, indicating that he had read it and he understood it. Although the defendant now suggests that he failed to understand the term "collateral attack" or the purpose of a § 2255 motion, the court is confident, based upon the language contained in the plea agreement as well as his comments during plea colloquy, that the

---

[2] During the plea colloquy, the following also occurred:
    MR. COODY [counsel for the United States]: . . . In addition, the defendant offered to waive his right to appeal or collaterally attack any matter in connection with the prosecution, conviction or this sentence. And I believe those would be the essential terms of the plea agreement, your Honor.
    THE COURT: All right. Thank you. Let me ask the attorneys. Does that agree with your understanding of the plea agreement?
    MR. ROBERTS [counsel for the defendant]: It does, your Honor. Those are the essential agreements.
    THE COURT: All right, fine. Thank you. Now, Mr. Yung Shin, let me ask you. Do you think you understand the plea agreement?
    THE DEFENDANT: Yes, I do.
    THE COURT: And you've gone over that with your attorneys. Is that correct?
    THE DEFENDANT: Yes, your Honor.

defendant clearly understood that he was waiving any further challenge to his sentence. He may not have understood how those challenges might occur, but he clearly comprehended that he would not be able to proceed with any attack upon his sentence. The court is not persuaded that the waiver was not knowing and voluntary. The court finds that the defendant is bound by his waiver. Accordingly, the court must dismiss the defendant's § 2255 motion.

Even if the court were to reach the merits of the defendant's motion, we would deny it. The court was fully aware of the defendant's medical condition at the time of sentencing and was fully aware that the defendant might not be institutionalized where he desired. The court, however, did believe that the Bureau of Prisons(BOP) could provide adequate medical care to the defendant. The court continues to believe that the BOP will do so. The court has received a letter from the BOP indicating the defendant's designated facility. In that letter, the BOP has indicated that the defendant "will receive appropriate health care services" at the designated facility. In sum, the court does not find that it sentenced the defendant under a misapprehension of fact. The court believes that the sentence imposed in this case was appropriate and continues to be appropriate. Accordingly, the court would deny the defendant's motion even if we were forced to reach the merits.

With this ruling, the court shall also deny the defendant's motion for enlargement of bail pending consideration of his § 2255 motion as moot.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. # 70) be hereby dismissed.

**IT IS FURTHER ORDERED** that defendant's motion for enlargement of bail pending consideration of his § 2255 motion (Doc. # 72) be hereby denied as moot.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2007 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge